## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

AMY PAUL,
　　　　Plaintiff,

v.

VILLAGE OF ST CHARLES and
EDGAR TITHOF, in his personal
official capacity,
　　　　Defendants

_____/

Case No.: 24-cv-12338
Hon. _____

**COMPLAINT**
**JURY DEMANDED**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

_____

### COMPLAINT

　　NOW COMES Plaintiff AMY PAUL, by and through counsel, and complains as follows:

### PARTIES

　　1.　　Plaintiff AMY PAUL is a resident the Village of St. Charles, Michigan.

　　2.　　Defendant VILLAGE OF ST CHARLES is a municipality formed under the laws of the State of Michigan.

　　3.　　Defendant EDGAR TITHOF is the duly elected and serving president of the Council for the Village of St. Charles; he is sued in his personal capacity.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**JURISDICTION**

4.      This is a civil action brought pursuant to 42 U.S.C. § 1983 for monetary damages as well as declaratory and injunctive relief for violations of the United States Constitution.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

6.      Venue is proper in this Court as Defendants conduct their business in the Eastern District of Michigan.

**GENERAL ALLEGATIONS**

7.      Plaintiff AMY PAUL resides at her property located along M-52 within the territorial limits of the Village of St. Charles, Michigan.

8.      She is also a supporter of current Trustee Troy Freed, a local resident who serves as a trustee on the Council of the Village of St Charles.

9.      To support the candidacy current Trustee Troy Freed and to her and to publicly communicate such so that others would also support him and his re-election, Plaintiff AMY PAUL secured and installed a campaign yard sign that looks similar to this one—



10.     The 'Vote Troy Freed' campaign yard sign was installed in the front yard of her home.

11.     The 'Vote Troy Freed' campaign yard sign installed in the front yard belonged to Plaintiff AMY PAUL.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

12.    For reasons that are unclear, Defendant EDGAR TITHOF, the current village president, bicycled to her house, entered the curtilage of her front yard, and then seized, took possession of, removed, and carried away Plaintiff AMY PAUL's 'Vote Troy Freed' campaign yard sign from her front yard without permission, authority, or consent.

13.    To the best of Plaintiff AMY PAUL's knowledge and belief, the installation and existence of Plaintiff AMY PAUL's 'Vote Troy Freed' campaign yard sign was not in violation of any rules or regulations that the Village of St. Charles or its president has the authority or authorization to enforce.

14.    To the best of Plaintiff AMY PAUL's knowledge and belief, the existence, display, and installation her 'Vote Troy Freed' campaign yard sign did not violate any rules, regulations, or ordinances in any way.

15.    Yet under the color of law but without any permission, valid authority, or issued warrant, Defendant EDGAR TITHOF seized, dispossessed, and carried off Plaintiff AMY PAUL's 'Vote Troy Freed' campaign yard sign.

16.    Plaintiff AMY PAUL's porch camera caught a video of Defendant EDGAR TITHOF riding off with Plaintiff AMY PAUL's 'Vote Troy Freed' campaign yard sign in his arms—



17.    The violations were committed by Defendants when acting under color of state law who knew or should have known (as it was readily apparent under federal law) all such actions were unconstitutional.

## COUNT I
## FIRST AMENDMENT FREE SPEECH VIOLATION(S)
## 42 U.S.C. § 1983
## (ALL DEFENDANTS)

18.    The preceding paragraphs are pled word for word here.

19.    By seizing, dispossessing, and carrying off Plaintiff AMY PAUL's 'Vote Troy Freed' campaign yard sign from her yard, Defendants unlawfully terminated and otherwise ended the communicative message that Plaintiff AMY PAUL was actively undertaking on August 22, 2024 (and expected to continue thereafter) in support of Troy Freed and the candidacy and her right communicate to others to vote for him.

20.    The First Amendment violations were committed by Defendants who are persons acting under color of state law who knew or should have known (as it was readily apparent under federal law) that seizing, dispossessing, and carrying off a political campaign sign violates her free speech and such is unconstitutional under the First Amendment.

21.    As result of these unconstitutional actions, Plaintiff AMY PAUL suffered injury at the hands and acts of Defendants when interfering, halting, and silencing her free speech rights and is entitled to be appropriately compensated in the form of damages that federal law provides.

22.    As for Defendant VILLAGE OF ST. CHARLES and its official acting in their official capacity, the actions described herein is a policy or practice of the municipality or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny.

23.    These infirmities also involve a failure to train by Defendant Village of St. Charles such that it is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

24.    As for Defendant EDGAR TITHOF sued in his personal capacity, he purposely, recklessly, and with wanton disregard for Plaintiff AMY PAUL's federal rights inflict injury in violation of the First Amendment.

**COUNT II**
**FOURTH AMENDMENT VIOLATION(S)**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS)**

25.    The preceding paragraphs are pled word for word here.

26.    The present case involves a governmental actor engaging in direct, unauthorized, and non-consensual trespass on private property for purposes of is assumed to be an attempted (though improper) enforcement of local and state laws without the receipt of a warrant.

27.    On August 22, 2024, Defendants entered the private property for the purpose of warrantlessly seizing property in violation of the Fourth Amendment.

28.    As for Defendant VILLAGE OF ST. CHARLES and its official acting in their official capacity, the actions described herein is a policy or practice of the municipality or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny for violations the Fourth Amendment's protection from unreasonable searches and seizures.

29.    These infirmities also involve a failure to train by Defendant Village of St. Charles such that it is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

30.    As for Defendant EDGAR TITHOF sued in his personal capacity, he purposely, recklessly, and with wanton disregard for Plaintiff AMY PAUL's federal rights inflict harmed in violation of the Fourth Amendment.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**COUNT III**
**PROCEDURAL DUE PROCESS VIOLATION(S)**
**LIBERTY INTERESTS**
**42 U.S.C. § 1983**
**(ALL DEFENDANTS)**

31.     The preceding paragraphs are pled word for word here.

32.     Plaintiff AMY PAUL has a liberty interest in the exercise of her First Amendment protected activities.

33.     By the actions described above, she was not afforded adequate process under law, namely that notice and opportunity for hearing of an appropriate type be afforded *before* Defendants' deprivation of her constitutionally protected liberty interests.

34.     Because there were no emergency or exigent circumstances when the seizure occurred, Plaintiff AMY PAUL was entitled to a *pre*-deprivation hearing (i.e.   notice and opportunity to be heard) before Defendants were ever entitled deprive her of her ability to exercise her First Amendment free speech rights including the messaging she was undertaking via her Vote Troy Freed' campaign yard sign installed upon her front yard.

35.     Defendants failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a pre-deprivation hearing *before* suspending and/or terminating Plaintiff AMY PAUL's right to the exercise of her First Amendment free speech rights.

36.     The actions of Defendants, without prior notice and a pre-deprivation hearing, violates the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

37.     As for Defendant VILLAGE OF ST. CHARLES and its official acting in their official capacity, the actions described herein is a policy or practice of the municipality or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of Social Services* and its progeny for violations the Fourteenth Amendment right to due process.

38.     These infirmities also involve a failure to train by Defendant Village of St. Charles such that it is appropriate to impose damages and other

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

39.    As for Defendant EDGAR TITHOF sued in his personal capacity, he purposely, recklessly, and with wanton disregard for Plaintiff AMY PAUL's federal rights inflict harmed in violation of the Fourteenth Amendment.

### COUNT IV
### PROCEDURAL DUE PROCESS VIOLATION(S)
### PROPERTY INTERESTS
### 42 U.S.C. § 1983
### (ALL DEFENDANTS)

40.    The preceding paragraphs are pled word for word here.

41.    Plaintiff AMY PAUL has a property interest in her 'Vote Troy Freed' campaign yard sign.

42.    By the actions described above, she was not afforded adequate process under law, namely that notice and opportunity for hearing of an appropriate type be afforded *before* Defendants' deprivation of her constitutionally protected property interests.

43.    Because there were no emergency or exigent circumstances when the seizure occurred, Plaintiff AMY PAUL was entitled to a *pre*-deprivation hearing (i.e.  notice and opportunity to be heard) before Defendants were ever entitled deprive her of her property, i.e. the 'Vote Troy Freed' campaign yard sign from her front yard.

44.    Defendants failed to provide required and/or sufficient due process as mandated by the Fourteenth Amendment in the form of a pre-deprivation hearing *before* suspending and/or terminating her property rights.

45.    The actions of Defendants, without prior notice and a pre-deprivation hearing, violates the Fourteenth Amendment's guarantee of minimum and/or sufficient due process.

46.    As for Defendant VILLAGE OF ST. CHARLES and its official acting in their official capacity, the actions described herein is a policy or practice of the municipality or its final policymaker sufficient to impose damages and other relief pursuant to *Monell v New York City Department of*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

*Social Services* and its progeny for violations the Fourteenth Amendment right to due process.

47.   These infirmities also involve a failure to train by Defendant Village of St. Charles such that it is appropriate to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

48.   As for Defendant EDGAR TITHOF sued in his personal capacity, he purposely, recklessly, and with wanton disregard for Plaintiff AMY PAUL's federal rights inflict harmed in violation of the Fourteenth Amendment.

## RELIEF REQUESTED

49.   WHEREFORE, Plaintiff AMY PAUL, by counsel, respectfully requests this Court to—

   a.   Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants as being unconstitutional;

   b.   Enter an injunction against the conduct of Defendants as being unconstitutional, including the unlawful removal of campaign political signs from the private property of Plaintiff AMY PAUL regardless of who she supports;

   c.   Enter an order awarding nominal damages for Defendants' illegal actions;

   d.   Enter an order awarding damages for Defendants' illegal

   e.   Enter an order for an award of punitive damages for Defendant EDGAR TITHOF's illegal actions undertaken in his personal capacity;

   f.   Enter award of all costs and attorney fees pursuant to 42 U.S.C. § 1988; and

   g.   Enter an order for all other relief the court deems equitable.

## JURY DEMAND

50.   For all triable issues, a jury is hereby demanded.

8

Date: September 9, 2024                    RESPECTFULLY SUBMITTED:

                                           /s/ Philip L. Ellison
                                           OUTSIDE LEGAL COUNSEL PLC
                                             by PHILIP L. ELLISON (P74117)
                                           Attorney for Plaintiff
                                           PO Box 107
                                           Hemlock, MI 48626
                                           (989) 642-0055
                                           pellison@olcplc.com