# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

AMY PAUL,
    Plaintiff,

v.

VILLAGE OF ST CHARLES and
EDGAR TITHOF, in his personal
official capacity,
    Defendants

Case No.: 24-cv-12338
Hon. Thomas L. Ludington

_____/

TROY FREED,
    Plaintiff,

v.

VILLAGE OF ST CHARLES,
EDGAR TITHOF, in his personal
and official capacity, HARTMANN
AUE, in his personal and official
capacity, and JASON OLIVER, in
his personal and official capacity,
    Defendants

Case No.: 24-cv-12221
Hon. Thomas L. Ludington

_____/

## CONSENT JUDGMENT REGARDING
## POLITICAL ELECTION SIGNS WITHIN THE TERRITORIAL
## LIMITS OF THE VILLAGE OF ST. CHARLES

NOW, THEREFORE, upon the consent of the Parties, by their attorneys, it is hereby agreed as follows:

1

## JURISDICTION

1. This Court has jurisdiction over the subject matter of over both of the above-referenced cases, captioned as *Amy Paul v. Village of St. Charles, et al*, and *Troy Freed v. v. Village of St. Charles, et al*.

2. This Court shall retain jurisdiction over this action to enforce this Consent Judgment and to resolve any disputes arising under the Consent Judgment.

## PARTIES BOUND

3. This Consent Judgment applies to, is binding upon, and inures to the benefit of above-named Plaintiffs and Defendants together with all their successors in office.

## BACKGROUND

4. In the 2024 election cycle, Plaintiff TROY FREED ran for re-election as trustee on the Council for the Village of St. Charles.

5. Plaintiff TROY FREED purchased and distributed political yard signs to support his re-election campaign that read "Vote Troy Freed."

6. One of the individuals who placed a "Vote Troy Freed" sign in her own private yard was Plaintiff AMY PAUL.

7. Defendant Village President EDGAR TITHOF believed, incorrectly, that the placement of political yard signs on private property

around the Village of St. Charles violated the Village of St. Charles, Michigan Zoning Ordinance.

8. Without permission of the owners or occupants of the properties, Defendant Village President EDGAR TITHOF entered upon the yard of Plaintiff AMY PAUL and others to remove political signs that supported Plaintiff TROY FREED's campaign for elected office.

9. On August 24, 2024, Village Police Chief JASON OLIVER issued a public statement stating he would be removing political yard signs on private property around the Village of St. Charles to enforce what he believed to be the requirements of the Village of St. Charles, Michigan Zoning Ordinance.

10. These lawsuits followed before Chief Oliver removed any yard signs and no political yard signs were actually removed after the filing of the federal lawsuit in *Freed*.

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. Defendant VILLAGE OF ST. CHARLES erroneously and incorrectly enforced the Village of St. Charles, Michigan Zoning Ordinance to regulate the placement of political yard signs on private property within the Village of St. Charles.

2. The Village of St. Charles, Michigan Zoning Ordinance does not

3

regulate or otherwise authorize Village Officials to prohibit the placement of political yard signs on private property within the village limits of the Village of St. Charles.

3. As political yard signs are protected speech under the First Amendment to the United States Constitution, the unilateral removal or threat of removal of the yard signs from Plaintiff AMY PAUL and Plaintiff TROY FREED's property violated their rights under the First Amendment of the United States Constitution.

4. Village of St. Charles officials, their agents, or any other persons acting at the direction of Village of St. Charles officials or on behalf of the Village of St. Charles are hereby enjoined from removing any political yard sign (including the entry upon property to remove political signs) until such time as Village of St. Charles' elected council enacts a separate and standalone political yard sign ordinance that lawfully regulates political yard signs consistent with the provisions of Paragraphs 6 and 7 herein.

5. Village of St. Charles officials, their agents, or any other persons acting at the direction of Village of St. Charles officials or on behalf of the Village of St. Charles shall not remove and/or threaten to remove any political yard sign until such time as Village of St. Charles' elected council enacts a separate and standalone political yard sign ordinance that lawfully regulates

4

political yard signs consistent with the provisions of Paragraphs 6 and 7 herein. Notwithstanding, this injunction does not apply against the Michigan Department of Transportation or any of its officials or agents or any of its policies, regulations, or directives. (For purposes of clarity, Defendants agree they are not officials or agents of the Michigan Department of Transportation in their roles with the Village of St. Charles.)

    6.    There is no obligation for the government of Village of St. Charles to enact a political yard sign ordinance but if it does, the ordinance shall be a separate and standalone ordinance (and not part of the zoning ordinance) and have the following minimum requirements:

    a.    Its provisions shall be consistent with the requirements of First Amendment precedents including but not limited to *Dimas v. City of Warren*, 939 F. Supp. 554 (E.D. Mich. 1996); Michigan Att'y Gen Opinion No. 6258; *City of Laude v. Gilleo*, 512 U.S. 43, 54-56 (1994); *City of Antioch v. Candidates' Out-door Graphic Service*, 557 F. Supp. 52 (N.D.Cal.1982); and *Arlington County Republican Committee v. Arlington County Virginia*, 983 F.2d 587 (4th Cir. 1993).

    b.    Any alleged violator of the political yard sign ordinance

    shall not be deemed or adjudicated as guilty, liable, or responsible in any way until the Village of St. Charles first provides a written notice to the owner and/or occupant of any property containing sign(s) alleged to be in violation of the ordinance. Additionally, the candidate and/or associated campaign committee associated with the sign must be provided with written notice (to be sent via first class US mail) explaining precisely and exactly how the sign(s) are alleged to be in violation of the standalone political yard sign ordinance.

c.    The written notice shall explain and provide the property owner or occupant as well as the candidate or committee with seven (7) days to either make change(s) to the sign(s) alleged to be in violation of the ordinance in order to make the signs compliant with the political yard sign ordinance without imposition of a penalty or remove the sign. The parties receiving notice of an alleged violation of the ordinance may otherwise challenge the notice of violation contained in the written notice to the Village of St. Charles Chief of Police.

    d.    Upon receipt of any challenge received, any enforcement action, including a proposed finding of guilt, liability, or responsibility of the owner or occupant of any property containing an alleged violative sign(s) as well as the candidate and/or associated campaign committee shall be stayed until the Village of St. Charles Chief of Police makes a determination on the challenge.

    e.    Upon receipt of any challenge described in subparagraph 6(d), the Village of St. Charles Chief of Police shall consult with licensed legal counsel and receive a written recommendation from counsel before issuing any decision on the challenge.

    f.    There shall never be any fee, bond, or cost imposed to undertake the challenge described in subparagraph 6(d).

    g.    The Village of St. Charles Chief of Police shall issue his or her decision in writing and cause it to be delivered by first class US mail to the parties who received the Notice described in subparagraph 6(b).

    h.    The legal effect of the Village of St. Charles Chief of Police's decision shall automatically be administratively

stayed and shall not be deemed effective until at least seven (7) additional days from the date of actual delivery of the decision upon the challenge.

i. The Village of St. Charles Chief of Police's decision shall also explicitly provide seven (7) additional days to make change(s) to sign(s) alleged to be in violation of the ordinance in order to make the signs compliant with the political yard sign ordinance to permit any violator to avoid imposition of a penalty.

j. Within the seven (7) day period that the Village of St. Charles Chief of Police's decision remains administratively stayed, the owner or occupant of any property containing an alleged violative sign(s) and/or the candidate and/or associated campaign committee may bring an action in a court of competent jurisdiction to challenge or appeal the decision of the Village of St. Charles Chief of Police.

k. Upon the timely filing of an action to challenge or appeal the decision or to otherwise challenge the legality of the ordinance, the Chief of Police's decision remains administratively stayed until either an order or judgment is

        issued by the court of competent jurisdiction.

    l.    Unless posing a serious immediate threat to the health, safety, and welfare of the community, the Village of St. Charles and any of its officials shall not remove any political yard sign from the yard of any private property (including those in any public easement areas as part of private yards adjacent to public streets) unless and until the process described above is provided.

7.    Upon the full and complete enactment of a standalone political yard sign ordinance containing the provisions in Paragraph 6, the injunction issued pursuant to Paragraphs 4 and 5 shall automatically be deemed dissolved upon written notice of enactment being delivered to Plaintiffs AMY PAUL and TROY FREED by certified US mail.

8.    Because the provisions of this Consent Judgment expressly apply henceforth to Defendant VILLAGE OF ST. CHARLES together with all their agents, or any other persons acting at the direction of Village of St. Charles officials or on behalf of the Village of St. Charles, the continued need to name Defendants EDGAR TITHOF, HARTMANN AUE and JASON OLIVER in their personal capacity only is unnecessary and the claims against them are dismissed with prejudice (though Village officials continue

be bound in their official capacity). The dismissal of the individual defendants is not an adjudication of the merits of the claims asserted against them.

9. Defendant VILLAGE OF ST. CHARLES shall pay to Plaintiff AMY PAUL the sum of seven thousand five hundred dollars ($7,500.00) within 30 days of entry of this Consent Judgment.

10. Defendant VILLAGE OF ST. CHARLES shall pay to Plaintiff TROY FREED the sum of seven thousand five hundred dollars ($7,500.00) within 30 days of entry of this Consent Judgment.

11. Plaintiffs AMY PAUL and TROY FREED are designated prevailing parties for purposes of 42 U.S.C. § 1988(b) and shall additionally be awarded attorney fees and costs in amount to be stipulated to or otherwise moved for within 28 days from entry of this Consent Order or as further ordered by the Court.

12. All other claims asserted or which could have been asserted by Plaintiffs AMY PAUL and TROY FREED in his or her respective case regarding the Vote Troy Freed political signs are hereby merged into this Consent Judgment.

13. This Consent Judgment resolves all pending claims and Plaintiffs and Defendants hereby release and discharge the other as well as Village of St Charles, its employees, agents, officers, and elected officials from all

manner of action and causes of action, including, but not limited to, legal, equitable and administrative proceedings, suits, causes of action, contracts, claims, damages, demands and rights whatsoever, now existing or which may hereafter accrue as a result of facts arising from the complaints that are not otherwise awarded by this Consent Judgment.

14. This document shall serve as a final judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: October 20, 2025

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

STIPULATED FOR ENTRY:

| | |
|---|---|
| /s/ Philip L. Ellison | /s/ Audrey J. Forbush (w/permission) |
| OUTSIDE LEGAL COUNSEL PLC | PLUNKETT COONEY |
| PHILIP L. ELLISON (P74117) | AUDREY J. FORBUSH (P41744) |
| Attorney for All Plaintiffs | Attorney for All Defendants |
| PO Box 107 | Plaza One Financial Center |
| Hemlock, MI 48626 | 111 E. Court St, Suite 1B |
| (989) 642-0055 | Flint, MI 48502 |
| pellison@olcplc.com | (810) 342-7014 |
| | aforbush@plunkettcooney.com |